**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANIMAL MEDICAL CENTER<br>OF ORLAND PARK, INC.<br>on behalf of Plaintiff and<br>the class members defined herein,<br><br>Plaintiff,<br><br>v.<br><br>CLOSERSTILL MEDIA, LIMITED;<br>CLOSERSTILL US HOLDING COMPANY<br>INC.; CLOSERSTILL VET US LLC;<br>and JOHN DOES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT  – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff, Animal Medical Center of Orland Park, Inc., brings this action to secure

redress for the actions of Defendants, CloserStill Media Limited, CloserStill US Holding Company

Inc., CloserStill Vet US LLC and John Does 1-10,  in sending or causing the sending of unsolicited

advertisements to telephone facsimile machines (Exhibit A) in violation of the Telephone Consumer

Protection Act, 47 U.S.C. §227 ("TCPA"),  the Illinois Consumer Fraud Act, 815 ILCS 505/2

("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax

advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the

use of its fax machine.  The recipient also wastes valuable time it would have spent on something

else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of

the unsolicited faxes.

1

## PARTIES

3.      Plaintiff Animal Medical Center of Orland Park, Inc.  is an Illinois corporation with offices at 16200 S. LaGrange Road, Orland Park, Illinois, where it maintains a telephone facsimile machine that automatically prints on paper using toner/ ink.

4.      Defendant CloserStill Media Limited is a corporation organized under the law of the United Kingdom with its principal place of business at Exhibition House, 12 Addison Bridge Place, London, Greater London, W14 8XP, United Kingdom.   It also has offices at 266 W 37th St., New York, NY 10018 and 120 Stony Point Rd., Santa Rosa, CA  95401.

5.      Defendant CloserStill US Holding Company Inc.  is a Delaware  corporation.  Its registered agent is Capitol Services, Inc., 108 Lakeland Ave., Dover, DE 19901.  It is a subsidiary or affiliate of CloserStill Media Limited.

6.      Defendant  CloserStill Vet US LLC is a limited liability company organized under Delaware law.   Its registered agent is Capitol Services, Inc., 108 Lakeland Ave., Dover, DE 19901.  . It is a subsidiary or affiliate of CloserStill Media Limited.

7.      Defendants CloserStill Media Limited, CloserStill US Holding Company Inc., and CloserStill Vet US LLC, operating in concert, conduct a business which they describe as follows: "CloserStill Media runs market leading business exhibitions in the learning, healthcare, technology and veterinary sectors. We have events in London, Birmingham, Paris, Berlin, New York, Singapore, Las Vegas, Austin, Orlando, Chicago, Reno, Frankfurt, Koln, Madrid, Barcelona and Marbella." (https://www.closerstillmedia.com/)

8.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.    *Mims v. Arrow*

*Financial Services, LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th

Cir. 2005).

10.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants:

      a.     Have committed tortious acts in Illinois by causing the transmission of

            unlawful communications into the state.

      b.     Have transacted business in Illinois.

11.      Venue in this District is proper for the same reason.

## FACTS

12.     In 2021, Animal Medical Center of Orland Park, Inc., received the unsolicited fax attached as Exhibit A on its facsimile machine.

13.     Exhibit A was sent by Defendants CloserStill Media Limited,  CloserStill US Holding Company Inc., and CloserStill Vet US LLC.  It advertises a trade show and educational event, for which attendance is charged, in New York.

14.     Discovery may reveal the transmission of additional faxes as well.

15.     Defendants CloserStill Media Limited,  CloserStill US Holding Company Inc., and CloserStill Vet US LLC, are  responsible for sending or  causing the sending of  the faxes.

16.     The fax states that the "New York Vet" event described in the fax is organized by "CloserStill Media."

17.     The "New York Vet" event described in the fax is also advertised on the website of CloserStill Media Limited.

18.     The fax provides a telephone number, 646-437-9080, which is used by CloserStill Vet US LLC and also appears on the CloserStill Media Limited website.

19.     Defendants CloserStill Media Limited,  CloserStill US Holding Company Inc., and CloserStill Vet US LLC either negligently or wilfully violated the rights of Plaintiff and other recipients in sending the faxes.

20.     Plaintiff had no prior relationship with Defendants and had not authorized the sending of fax advertisements to Plaintiff.

21.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

22.     On information and belief, Defendants CloserStill Media Limited, CloserStill US Holding Company Inc., and CloserStill Vet US LLC directed the sending of the fax advertisement and have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

23.     There is no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

24.     Plaintiff incorporates ¶¶ 1-23.

25.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

26.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

4

27.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, Plaintiff's statutory right of privacy was invaded.

28.     Plaintiff and each class member is entitled to statutory damages.

29.     Defendants violated the TCPA even if its actions were only negligent.

30.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

31.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class.  The class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of CloserStill Media Limited or its affiliates promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax.

32.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

33.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.     Whether Defendants  engaged in a pattern of sending unsolicited fax advertisements;

      b.     The manner in which Defendants compiled or obtained its list of fax numbers; and

      c.     Whether Defendants thereby violated the TCPA.

34.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

35.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

36.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

37.     Numerous courts have certified class actions under the TCPA.  *Holtzman v. Turza,* 08cv2014, 2009 WL 3334909,  2009 U.S. Dist. LEXIS 95620 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC,* 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* 10cv1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802 (N.D.Ill. 2008); *G.M. Sign, Inc. v. Group C Communications, Inc.,* 08cv4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* 4:12cv221, 2013 WL 275568,  2013 U.S. Dist. LEXIS 9554 (E.D.Mo. Feb. 24, 2013).

38.     Management of this class action is likely to present significantly fewer difficulties

6

that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    An injunction against the further transmission of unsolicited fax advertising;

    d.    Costs of suit;

    e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

39.    Plaintiff incorporates ¶¶ 1-23.

40.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to Plaintiff and others.

41.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

42.    Defendants engaged in an unfair practice and an unfair method of competition by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

43.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

44.    Defendants engaged in such conduct in the course of trade and commerce.

45.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave Defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the

recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

46.     Defendants' shifting of advertising costs to Plaintiff and the class members in this manner makes such practice unfair. In addition, Defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

47.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

48.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class. The class consists of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action (815 ILCS 505/10a), (c) were sent faxes by or on behalf of CloserStill Media Limited or its affiliates promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax.

49.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

50.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

    b.    Whether Defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

51.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has

8

retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

52. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

53. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

54. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

    a.     Appropriate damages;

    b.     An injunction against the further transmission of unsolicited fax advertising;

    c.     Attorney's fees, litigation expenses and costs of suit;

    d.     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

55. Plaintiff incorporates ¶¶ 1-23.

56. By sending Plaintiff and the class members unsolicited faxes, Defendants converted to their own use ink or toner and paper belonging to Plaintiff and the class members.

57. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

58. By sending the unsolicited faxes, Defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

9

59.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

60.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

61.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

62.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class.  The class consists of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c) were sent faxes by or on behalf of CloserStill Media Limited or its affiliates promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax.

63.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

64.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

> a.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and
>
> b.     Whether Defendants thereby converted the property of Plaintiff.

65.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

66.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

10

67.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

68.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

       a.     Appropriate damages;

       b.     An injunction against the further transmission of unsolicited fax advertising;

       c.     Costs of suit;

       d.     Such other or further relief as the Court deems just and proper.

## COUNT IV – TRESPASS TO CHATTELS

69.     Plaintiff incorporates ¶¶ 1-23.

70.     Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

71.     Defendants' sending Plaintiff and the class members unsolicited faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment.  *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to Plaintiff's trespass to chattels claim for unsolicited faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

72.     Defendants acted either intentionally or negligently in engaging in such conduct.

73.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes.

74.     Defendants should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

75.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of

a class. The class consists of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c) were sent faxes by or on behalf of CloserStill Media Limited or its affiliates promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax.

76. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

77. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

      b. Whether Defendants thereby committed a trespass to chattels.

78. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

79. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

80. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

81. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

      a. Appropriate damages;

      b.      An injunction against the further transmission of unsolicited fax advertising;

      c.      Costs of suit;

      d.      Such other or further relief as the Court deems just and proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

*/s/ Frank F. Owen*
Frank F. Owen
Florida Bar No. 0702188

Frank F. Owen
**FRANK F. OWEN & ASSOCIATES, P.A.**
1091 Ibis Avenue
Miami Springs, Florida 33166
(305) 984-8915
FFO@Castlepalms.com

Attorneys for Plaintiff Animal Medical Center
of Orland Park Inc. and all others similarly situated

13

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

/s/ Frank F. Owen
Frank F. Owen
Florida Bar No. 0702188

Frank F. Owen
**FRANK F. OWEN & ASSOCIATES, P.A.**
1091 Ibis Avenue
Miami Springs, Florida 33166
Tel: (305) 984-8915
FFO@Castlepalms.com

Attorneys for Plaintiff Animal Medical Center
of Orland Park Inc. and all others similarly situated

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

*/s/ Frank F. Owen*
Frank F. Owen
Florida Bar No. 0702188

Frank F. Owen
**FRANK F. OWEN & ASSOCIATES, P.A.**
1091 Ibis Avenue
Miami Springs, Florida 33166
Tel: (305) 984-8915
FFO@Castlepalms.com

Attorneys for Plaintiff Animal Medical Center
of Orland Park Inc. and all others similarly situated

15

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

/s/ Frank F. Owen
Frank F. Owen
Florida Bar No. 0702188

Frank F. Owen
**FRANK F. OWEN & ASSOCIATES, P.A.**
1091 Ibis Avenue
Miami Springs, Florida 33166
Tel: (305) 984-8915
FFO@Castlepalms.com

Attorneys for Plaintiff Animal Medical Center
of Orland Park Inc. and all others similarly situated

## **EXHIBIT A**

0017064606062



NEW YORK VET

JAVITS CENTER, NYC • NOVEMBER 4-5, 2021
US.VETSHOW.COM/NEW-YORK

**EARN 16 CE CREDITS
DURING THIS
CAN'T MISS
IN-PERSON EVENT**

# LAST CHANCE TO REGISTER FOR JUST $349!

## WHEN YOU REGISTER BY JULY 30TH

### 5 REASONS YOU NEED TO REGISTER TODAY:

1. LEARN FROM AND EARN 16 CE CREDITS FROM AMAZING SPEAKERS LIKE TAMARA GRUBB, ANDREW ROSENBERG, BECKIE MOSSOR & MORE IN-PERSON!

2. NETWORK AND SHARE INDUSTRY INSIGHTS WITH HUNDREDS OF VETERINARY PROFESSIONALS FROM AROUND THE COUNTRY.

3. MEET WITH TOP SUPPLIERS THAT CAN HELP TO DEVELOP AND IMPROVE YOUR PRACTICE TO EXCEED YOUR CUSTOMERS' EXPECTATIONS.

4. REGISTER BEFORE JULY 30TH TO BE AUTOMATICALLY ENTERED TO WIN YOUR NYC HOTEL STAY FOR FREE!

5. TAKE ADVANTAGE OF ONE OF THE MOST COST EFFICIENT WAYS OF GETTING IN-PERSON CE THAT ANY INDUSTRY EVENT HAS TO OFFER.

## 3 WAYS TO REGISTER FOR NEW YORK VET



*SCAN OR VISIT* US.VETSHOW.COM/NEW-YORK

*CALL* THE VET TEAM AT (646) 437-9080

*EMAIL* VETSHOW@CLOSERSTILLMEDIA.COM

Organized by CloserStill Media