IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANIMAL MEDICAL CENTER OF ORLAND PARK, INC., on behalf of Plaintiff and class members defined herein, <br><br> Plaintiff, <br><br> v. <br><br> CLOSERSTILL MEDIA, LIMITED; CLOSERSTILL US HOLDING COMPANY INC.; CLOSERSTILL VET US LLC; and JOHN DOES 1-10, <br><br> Defendants. | Case No. 1:21-CV-05618 <br><br> Hon. Judge Martha M. Pacold |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' OMNIBUS MOTION TO DISMISS</u>**

**INTRODUCTION**

This is yet another case where the recipient of a solitary unwanted fax seeks to launch a sweeping class action in hopes of imposing crushing liability on a legitimate business. The Animal Medical Center of Orland Park, Inc. ("Center"), alleges that CloserStill Vet US LLC ("CloserStill Vet") sent it (and others) a one-page fax announcing a veterinary event and providing information to register for it. Complaint ("Cmplt.") ¶¶ 12, 22 & Exhibit ("Ex.") A. And the Center alleges that fax was unsolicited and caused it to "bear the cost" of a sheet of paper and some toner. Cmplt. ¶¶ 22, 42, 49, 56-58, 63, 73 & 76.

But the Center's lawsuit fails in critical respects out of the gate. As an initial matter, defendant CloserStill Media, Limited ("CloserStill Media"), is properly dismissed for two separate reasons. *First*, the Court cannot properly exercise general or specific personal jurisdiction over it. CloserStill Media is a United Kingdom-based corporation with no offices, employees, or business in Illinois, and no control or involvement in the operations of the other

-1-

defendants. CloserStill Media is neither "at home" in Illinois nor engaged in any activity that caused the Center's alleged harm. Any assertion of personal jurisdiction over it is incompatible with Illinois' long-arm statute and offends traditional notions of fair play and substantial justice. *Second*, the Center has not even properly served it. The Center cannot short-circuit its obligation to do so by serving another entity in the United States.

The Center has also failed to allege any viable state law claims against the defendants. The Center cannot allege a cognizable claim under the Illinois Consumer Fraud Act ("ICFA") based on a single, errant fax. The case law is clear the improper use of some paper and toner does not qualify as "oppressive" conduct or trigger "substantial" harm where unwanted faxes can be readily put in the trash. Nor can the Center allege viable conversion or trespass claims based on such quintessentially *de minimis* harms.

The Court should grant the Motion.

## STANDARDS

CloserStill's motion is governed by familiar Rule 12 standards.

**Jurisdiction.** The Court may dismiss a defendant for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In the face of a personal jurisdiction challenge, the plaintiff bears the burden of establishing a *prima facie* case of general or specific jurisdiction, which must be permitted by Illinois' long-arm statute and the Due Process Clause of the Fourteenth Amendment. *See Watchworks, Inc. v. Total Time, Inc.*, 2002 WL 424631, at *3 (N.D. Ill. Mar. 19, 2002); *Siswanto v. Airbus Americas, Inc.*, 2016 WL 7178459, at *3 (N.D. Ill. Dec. 9, 2016); *Nicholson v. E-Telequote Ins., Inc.*, 2015 WL 5950659, at *2 (N.D. Ill. Oct. 13, 2015). Those statutory and due process inquiries "collapse[ ] . . . into one," *Glass v. Kemper Corp.*, 930 F. Supp. 332, 337 (N.D. Ill. 1996), focused on whether jurisdiction "does not offend traditional notions of fair play and

substantial justice." *Nicholson*, 2015 WL 5950659, at *3. And while the Court will accept the plaintiff's allegations as true, it will also consider a defendant's affidavit and likewise accept its unrefuted facts. *See Siswanto*, 2016 WL 7178459, at *3.

**Service.** The Court may also dismiss a defendant for insufficient service. Fed. R. Civ. P. 12(b)(5); *MSM Design & Eng'g LLC v. P'ships & Unincorporated Assocs. Identified in Schedule "A"*, 2021 WL 3187706, at *2 (N.D. Ill. July 28, 2021). Again, the plaintiff bears the burden to show the Court has jurisdiction over each defendant "through effective service." *Id.*; *Digiovine v. Saudi Arabian Oil Co.*, 2021 WL 2454211, at *3 (N.D. Ill. June 16, 2021) (dismissing foreign defendant where plaintiff failed to properly serve it or its domestic agent).

**Plausibility.** The Court may also dismiss claims that are not cognizable or are otherwise implausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*, 2017 WL 2619144, at *3 (N.D. Ill. June 16, 2017). While the court accepts a plaintiff's factual allegations as true on a motion to dismiss, it need not credit "[t]hreadbare recitals of the elements of a cause of action" or "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Glen Ellyn Pharmacy, Inc. v. Akron Generics, LLC*, 2020 WL 6715974, at *2 (N.D. Ill. Nov. 16, 2020). And a plaintiff may "plead [themselves] out of court" with allegations that "demonstrate . . . [they] have no legal claim." *N. Tr. Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995).

Applying these standards, the Court should dismiss all but the Center's federal Telephone Consumer Protection Act ("TCPA") claim and dismiss CloserStill Media from the suit too.

# ARGUMENT

## I. The Court Lacks Personal Jurisdiction Over CloserStill Media.

### A. This Court Lacks General Jurisdiction Because CloserStill Media Does Not Have Continuous, Systematic Contacts With Illinois.

The Court cannot obtain general personal jurisdiction over CloserStill Media. It is blackletter law that general jurisdiction over a corporation exists only where the defendant is headquartered or incorporated in the forum, or has such "continuous and systematic" contacts so as to render the corporation "at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014). That is a "high standard," requiring substantial contacts that create approximate physical presence in the forum state. *Glass*, 930 F. Supp. at 338; *Siswanto*, 2016 WL 7178459, at *4.

The Center comes nowhere near clearing that high hurdle. It has alleged no facts showing CloserStill Media is incorporated in, headquartered in, or otherwise has "continuous and systematic" business contacts with Illinois. The opposite is true. CloserStill Media is incorporated in the United Kingdom and has its principal place of business in London. Declaration of Suzanne King ("King Decl."), attached as Ex. 1. CloserStill Media is not registered to do business in Illinois, does not own any assets there, and does not maintain a registered agent in Illinois – or anywhere else in the United States. King Decl. ¶¶ 6-7. Nor does CloserStill Media conduct any business directly with any entities in Illinois. *Id.* ¶ 8-9.

The Center offers no serious allegations otherwise. Cmplt. ¶ 4; *see also* King Decl. ¶¶ 3-4. It does not allege CloserStill Media has any offices in Illinois. *Id.* And it does not allege CloserStill Media has ever owned property, employed any agents or officers, or maintained any bank accounts in Illinois. *See* King Decl. ¶ 7; *Watchworks*, 2002 WL 424631, at *4 (holding no general personal jurisdiction over foreign defendant where "[t]here is no evidence from which a fair inference can be drawn" that defendant had continuous and systematic contacts in Illinois).

Instead, the Center offers only that CloserStill Media "ha[s] events in" Chicago. Cmplt. ¶ 7. That will not do. The Center does not allege its claims relate to any such events (they obviously do not), and that solitary allegation is not nearly enough to support general jurisdiction anyway. Other courts have in fact found general jurisdiction wanting where a foreign defendant had far more substantial connections to the forum than the Center alleges. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 410 (1984) (holding no general personal jurisdiction where foreign defendant negotiated contract, purchased goods, and trained employees in forum); *Glass*, 930 F. Supp. at 335 (holding no general jurisdiction where defendant was remote employee of Chicago-based employer and made quarterly business trips to Illinois); *Sistwanto*, 2016 WL 7178459, at *6 (holding no general jurisdiction where corporation had "continuous activity of some sorts"); *Nicholson*, 2015 WL 5950659, at *4 (holding no general jurisdiction over foreign parent where subsidiary conducted business in Illinois). The same goes here.

While the Center also alleges the Court may exercise general jurisdiction over CloserStill Media because it asserts a federal TCPA claim, Cmplt. ¶ 9, that statute does not authorize a general "nationwide service of process" and a plaintiff still must establish personal jurisdiction over a foreign defendant. *Nicholson*, 2015 WL 5950659, at *2. The Center's reliance on *Mims* and *Brill* is misplaced too, given it did not serve CloserStill Media at its headquarters or place of incorporation, and CloserStill Media has no registered agent in the U.S. ECF No. 7; King Decl. ¶¶ 4, 6. *Compare with Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

### B. The Court Lacks Specific Jurisdiction Because CloserStill Media Has Not Purposefully Availed Itself Of Doing Business In Illinois.

The Center also cannot establish specific personal jurisdiction over CloserStill Media because it does not allege CloserStill Media has ever conducted business in Illinois. For a court to obtain specific jurisdiction over a defendant, the defendant must have "purposefully availed" itself of the forum state so as to reasonably expect being haled into court there and the plaintiff's specific injury must arise out of the defendant's "forum-related activities." *Paldo Sign & Display Co. v. United Vending & Mktg., Inc.*, 2014 WL 960847, at *3 (N.D. Ill. Mar. 11, 2014); *Glass*, 930 F. Supp. at 339 ("Specific jurisdiction arises when the defendant's contacts with the forum are related to the controversy underlying the litigation."). The Center cannot meet either of these requirements.

The Center does not allege any facts showing that CloserStill Media purposefully availed itself of Illinois. While the Center generically alleges CloserStill Media sent the fax "in concert" with CloserStill Vet and CloserStill US, it does not allege what, if anything, CloserStill Media actually did in connection with the fax or Illinois. For instance, it does not allege CloserStill Media exercised such control over CloserStill Vet or CloserStill Holding that their alleged conduct can be attributed to it. *See* King Decl. ¶¶ 12-14; *Polites v. U.S. Bank Nat'l Ass'n*, 836 N.E.2d 133, 137 (Ill. App. Ct. 2005) ("In Illinois, corporations are treated as separate legal entities even where one wholly owns the other and the two have mutual dealings."). It does not exercise such control. Nor does the Center allege CloserStill Media maintains a registered agent in the U.S. Cmplt. ¶ 4; King Decl. ¶ 6; *see also Siswanto*, 2016 WL 7178459, at *5 ("[I]t is worth noting at the outset that [defendant] does not maintain an authorized sales agent or representative in the United States."). Again, it does not. King Decl. ¶ 6.

While the Center alleges CloserStill Vet's phone number is listed on CloserStill Media's website, CloserStill Media's contact information is not actually listed on the fax. Cmplt. ¶ 18 & Ex. A. Even if the Center could somehow import that information into the fax (it of course cannot), that is not enough to confer specific jurisdiction in any event. For "[i]t is, by now, settled that specific personal jurisdiction over an [entity] is not established merely because the [entity's] website is available in the forum." *MSM Design & Eng'g LLC*, 2021 WL 3187706, at *2.

The Center also cannot show its alleged injuries flow from any activities by CloserStill Media in Illinois. While it offers conclusory allegations, it critically does not allege CloserStill Media targeted Illinois residents for unsolicited faxes, *MSM Design & Eng'g LLC*, 2021 WL 3187706, at *3, or played any part whatsoever in the creation or dissemination of the fax.

The Court should dismiss CloserStill Media for want of personal jurisdiction.

## II.  CloserStill Media Is Also Properly Dismissed For Insufficient Service.

While the Court cannot properly assert personal jurisdiction over CloserStill Media, that defendant is also properly dismissed for insufficient service of process. *See* Fed. R. Civ. P. 4; *MSM Design & Eng'g LLC*, 2021 WL 3187706, at *2. To accomplish domestic service as attempted by the Center, it had to serve an officer or agent of the corporation or in a manner prescribed by Illinois law – that is, by leaving a copy of the process with the corporation's registered agent or an officer or agent of the corporation in Illinois. *See* Fed. R. Civ. P. 4(h); *Chung v. Tarom, S.A.*, 990 F. Supp. 581, 584 (N.D. Ill. 1998); *see also* ECF No. 7; 735 ILCS 5/2–204; *In re Subpoena To Huawei Techs. Co., Ltd.*, 720 F. Supp. 2d 969, 972 (N.D. Ill. 2010).

The Center did neither. It did not serve CloserStill Media's U.S. registered agent, because it is a UK company without one. Cmplt. ¶ 4; King Decl. ¶ 6. Nor did it serve a

CloserStill Media officer or agent. While the Center delivered the summons to a New York address, it "bears the burden of establishing [an] agency relationship," and has not alleged any such relationship between CloserStill Media and the other defendants. *Huawei Techs.*, 720 F. Supp. 2d at 972; Cmplt. ¶ 4; ECF No. 7. Nor is there one. King Decl. ¶¶ 12-14.

### III. The Center Has Failed To Allege Viable State Law Claims.

#### A. The Center Has Failed To Allege A Viable Statutory Claim.

The Center has not alleged a viable claim for violation of the ICFA based on CloserStill's alleged "unfair practice" of sending an unwanted fax that consumed some paper and toner.[1] Cmplt. ¶¶ 40 & 43. Whether a practice is considered unfair under the statute turns on a "case-by-case analysis" of three factors: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers." *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 616 (N.D. Ill. 2009). And the case law is clear that merely sending an unwanted fax does not satisfy this test. *See Orrington v. Scion Dental, Inc.*, 2017 WL 5569741, at *6 (N.D. Ill. Nov. 20, 2017); *Chicago Car Care Inc. v. A.R.R. Enterprises*, 2021 WL 1172262, at *2 (N.D. Ill. Mar. 29, 2021); *Kabbage, Inc.*, 2017 WL 2619144, at *6 (detailing opinions finding receipt of single unsolicited fax does not constitute an unfair practice under ICFA).

The alleged misuse of a sheet of paper and small amount of ink or toner "is not oppressive conduct." *Stonecrafters, Inc.*, 633 F. Supp. 2d at 616-17. The only burden is a modest and everyday one: A plaintiff can simply "throw the fax in the trash," which "can hardly be classified as unreasonable." *Kabbage, Inc.*, 2017 WL 2619144, at *6. Likewise, substantial

---

[1] CloserStill Holding has no employees and conducts no business operations, and thus could not have (and indeed did not) send any fax to the Center. Accordingly, the Court should also dismiss CloserStill Holding from this case as an improper party.

harm "requires more than the cost and inconvenience of receiving a single fax." *A.R.R. Enterprises, Inc.*, 2017 WL 5569741, at *2; *see also Western Ry. Devices Corp. v. Lusida Rubber Prods., Inc.*, 2006 WL 1697119, at *6 (N.D. Ill. June 13, 2006).[2] The Center thus cannot prove an ICFA violation as a matter of law.

### B. The Center Has Failed To Allege A Viable Conversion Claim.

The Center's claim for conversion fails on its own terms too. In support of its claim, the Center alleges that, with its solitary fax, CloserStill "converted to their own use ink or toner and paper." Cmplt. ¶¶ 12 & 56. But Illinois courts have repeatedly held that, where a conversion results in damages that are "miniscule, and mere inconveniences," the claim "*must* fail." *G.M. Sign, Inc. v. Elm St. Chiropractic, Ltd.*, 871 F. Supp. 2d 763, 768 (N.D. Ill. 2012) (emphasis added); *see also Chicago Car Care Inc.*, 2021 WL 1172262, at *3 ("Courts in this District regularly reject conversion claims based on solicited fax advertisements . . . that rely on extremely minor injuries."); *Kabbage, Inc.*, 2017 WL 2619144, at *3 ("Even if a conversion claim is otherwise adequately pled, it must fail if the complained-of conversion resulted in damages that are miniscule, amounting only to mere inconveniences."); *Orrington*, 2017 WL 5569741, at *7 ("[A]ny damages from the ink, toner, and paper in connection with this [one]-page fax are plainly de minimis."). This very Court has held that "the ancient maxim 'de minimis non curat lex' might well have been coined" for these exact circumstances, where a conversion claim "is brought based solely on the loss of paper and toner consumed during the

---

[2] Because the Center failed to state an individual claim under the ICFA, its class claims must also fail. *Western Ry. Devices Corp.*, 2006 WL 1697119, at *6 ("Because [plaintiff] has failed to allege that it personally suffered substantial injury under the ICFA, its class allegations have no bearing on this motion."). Even so, aggregating claims cannot cure this failure "considering the extremely small value of the individual claims at issue." *A.R.R. Enterprises, Inc.*, 2017 WL 5569741, at *2; *Orrington*, 2017 WL 5569741, at *6 (finding aggregate claims of class of thousands still would not amount to substantial harm).

generation of a one-page unsolicited fax advertisement." *Stonecrafters, Inc.*, 633 F. Supp. 2d at 613. Because that is all the Center alleges, its claim does not rise above the trivial and fails as a matter of law.[3]

### C. The Center Has Failed To Allege A Viable Trespass Claim.

The Center's trespass to chattels claim also suffers an obvious – and fatal – defect. That claim "is on the same spectrum" as its conversion claim – "differing only with respect to the extent of interference" – and suffers the same problem. *A.R.R. Enterprises, Inc.*, 2017 WL 5569741, at *3. The Center alleges only that the fax "interfered with their use of the receiving equipment" that thereby caused it "damages." Cmplt. ¶¶ 71-72. But that barebones allegation of trivial harm – the loss of a sheet of paper and some toner – will not do. *See Orrington*, 2017 WL 5569741, at *8.[4] For "the fleeting interference caused by the transmission of an unsolicited fax" is barred by the *de minimis* doctrine as any supposed harm amounts to "nothing more than a few pennies." *A.R.R. Enterprises, Inc.*, 2017 WL 5569741, at *3.

### CONCLUSION

For the foregoing reasons, the Court should dismiss Counts II-IV against all Defendants with prejudice, and also dismiss Defendant CloserStill Media from this suit.

---

[3] The Center's class allegations cannot save its conversion claim either. Cmplt. ¶ 63. It must "first have a valid cause of action in [its] own right before [it] can proceed to represent a class." *Stonecrafters, Inc.*, 633 F. Supp. 2d at 614. Any class-wide damages for conversion are too trivial to rise to actionable harm anyway: "The loss of a single sheet of paper and a minuscule amount of toner cannot be aggregated," and "is too trivial an injury to amount to an actionable conversion." *G.M. Sign, Inc.*, 871 F. Supp. 2d at 768.
[4] Because the Center's alleged *de minimis* injury cannot support a trespass claim, its class allegations also fail. *Glen Ellyn Pharmacy, Inc.*, 2020 WL 6715972, at *3 (dismissing class claims for trespass to chattels where plaintiff suffered only *de minimis* harm).

Dated: November 22, 2021

Respectfully submitted,

By: /s/ *David Poell*
David M. Poell (6302765)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
70 West Madison Street, 48th floor
Chicago, Illinois 60602
Telephone:  312.499.6300
Facsimile:  312.499.6301
dpoell@sheppardmullin.com

Paul A. Werner (*pro hac vice forthcoming*)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006
Telephone:  202.747.1900
Facsimile:  202.747.1901
pwerner@sheppardmullin.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, Defendants' counsel was served with the foregoing document through the Court's Electronic Case Filing System, which effects service on all counsel of record in this matter.

                                                              */s/ David Poell*
                                                              David Poell